IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

        Plaintiff,

v.          No. 2:25-cv-00874-MIS-JHR

CALE ROBERTSON,

        Defendant.

### ORDER OF DISMISSAL

This case arises in part from the conduct of Defendant, who is Plaintiff's husband, in a divorce and custody case in state court. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, ECF No. 1 ("Complaint"). On September 8, 2025, Plaintiff, who is proceeding *pro se*, filed a Complaint alleging that Defendant lied under oath and "took pictures to [a minor child] and soliciting [sic] services of prostitution in a web." *Id.* at 3. Plaintiff asserted claims for "negligence, child exploitation, corruption, laundering money, lied under oath during a trial of merits on Sep 16-17-18-2025." *Id.* at 4. Plaintiff seeks the following relief: (i) an investigation of Defendant and "people in complicity in" the case; (ii) a change of venue; (iii) "I want my kids back;" and (iv) "access to my property." *Id.* at 5.

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." ECF No. 1. Where the form asks "was this defendant acting under color of state law," Plaintiff answered "No." *Id.* at 1. Consequently, the Complaint failed to state a claim pursuant to Section 1983. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").

On November 5, 2025, United States Magistrate Judge Jerry H. Ritter issued an Order notifying Plaintiff:

> The Complaint fails to state claims for crimes of child exploitation, corruption and money laundering because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").
>
> It appears the Court should dismiss this case because the Complaint does not show there are any viable claims arising under the Constitution or laws of the United States. The Court's jurisdiction over Plaintiff's negligence claim rests upon the statute providing for supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case"). However, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Order to Show Cause at 3, ECF No. 4. Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above and to file an amended complaint and stated: "The complaint must identify the statutory or constitutional provision under which [each] claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* at 3-4 (quoting *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

On November 24, 2025, Plaintiff filed an Amended Complaint asserting claims for violation of rights and conspiracy to cause violation of rights pursuant to 42 U.S.C. §§ 1983 and 1985, violation of 18 U.S.C. § 241, and the following state-law claims: (i) malicious abuse of process; (ii) intentional spoliation of evidence; (iii) defamation; (iv) violation of the New Mexico

Civil Rights Act; and (v) violation of the New Mexico Family Domestic Violence Act.  *See* Am. Compl., ECF No. 5.

The Court dismisses Plaintiff's claims pursuant to Sections 1983 and 1985 for failure to state a claim.  *See id.* at 11-12.  The allegations indicate Defendant is a private actor, not an official acting under color of state law.  Plaintiff makes the conclusory allegation that Defendant conspired with attorneys and the judge presiding over her state-court case but does not allege specific facts showing that Defendant and others agreed on a common unconstitutional goal and acted in concert to advance that goal.  *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (noting that to state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants"); *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

The Court also dismisses Plaintiff claims pursuant to 18 U.S.C. § 241, conspiracy against rights, because Section 241 is a criminal statute and "criminal statutes do not provide for private civil causes of action."  *Kelly*, 69 F. App'x at 415-416; *see* Am. Compl. at 12 (asserting claim pursuant to 18 U.S.C. § 241).

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett*, 956 F.3d at 1238 ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE